NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001245
07-JAN-2015
01:29 PM**

NO. CAAP-14-0001245

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EILEEN SHAVELSON, Plaintiff-Appellant,
v.
KITAAMI, JEFFERY HIRANAKA, HARVEY T. HIRANAKA, ANNA HIRANAKA,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-000137)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING AS MOOT ALL PENDING MOTIONS
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that this court does not have appellate jurisdiction over Plaintiff-Appellant Eileen Shavelson's (Appellant Shavelson) appeal from the proposed judgment that Appellant Shavelson apparently submitted to the circuit court, which the Honorable Randal G.B. Valenciano appears

to have stamped with the word "DENIED," along with his accompanying signature, on October 7, 2014. The circuit court's October 7, 2014 denial of Appellant Shavelson's request for entry of judgment is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Id.</u> at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-14-0001245 was filed on December 29, 2014, and the circuit court has not yet entered a separate judgment on all claims in this case. Absent a separate judgment, the circuit court's October 7, 2014 denial of Appellant Shavelson's request for entry of judgment is not eligible for appellate review.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001245 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0001245 are denied as moot.

DATED: Honolulu, Hawai'i, January 7, 2015.

Presiding Judge

Associate Judge

Associate Judge

-3-